UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANITA WALLACE,<br><br>    Plaintiff,<br><br>    v.<br><br>WENDY'S INTERNATIONAL, INC.,<br><br>    Defendant. | No. CV06-00216MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS |

    This matter comes before the Court on Defendant's Motion for Summary Judgment. (Dkt. No. 13). Plaintiff has filed a response (Dkt. No. 17) and Defendant has filed a reply to Plaintiff's response (Dkt. No. 19). Having reviewed Defendant's motion for summary judgment, Plaintiff's response, Defendant's reply, as well as the parties' briefing and all pertinent documents, the Court hereby GRANTS Defendants' motion for summary judgment and DISMISSES the case with prejudice.

ORDER - 1

**Background**

Ms. Wallace, an African-American woman, began working at Wendy's in 2000. Before she was terminated, Ms. Wallace held the position of training store manager of the Wendy's store in Burien. (Motion at 4). Ms. Wallace was fired after returning from maternity leave. (Plaintiff's Exh. 5 at 1).

While she worked at Wendy's, Ms. Wallace committed three cash policy violations. Wendy's fired Ms. Wallace on July 13, 2004, for her third cash policy violation, which involved submitting false receipts for "Sparkle" funds. Ms. Wallace had been provided with $300 in Sparkle funds, which are awards given by Wendy's to stores with high ratings. As training store manager of the Burien store, Ms. Wallace was expected to use these funds for the benefit of her crew. Instead of using the money for the crew, Ms. Wallace spent the money on a baby shower for herself and another employee. (Defendant's Exh. 3 at 2; Motion at 3; Wallace Dep. at 58). To cover up her actions, Ms. Wallace submitted falsified receipts for pizza purchased for her crew. (Wallace Dep. at 58). After conducting a thorough investigation into Ms. Wallace's misuse of "Sparkle" funds and submission of false receipts, Wendy's terminated Ms. Wallace's employment. (Motion at 8).

Ms. Wallace filed a claim with the EEOC soon after being terminated. She claimed that Wendy's discriminated against her on the basis of race and gender. After reviewing Ms. Wallace's claim, the EEOC decided that it would not take on Ms. Wallace's case and provided her with a "right to sue" statement. Ms. Wallace then filed this suit.

**Analysis**

**I. Defendant's motion to strike is granted because Plaintiff's exhibits are inadmissible due to inadequate authentication**

Wendy's reply brief contains a motion to strike the exhibits attached to Plaintiff's reponse. Ms. Wallace has not responded.

Local Rule 7(g) permits a surreply to be filed within five days of the filing of a motion to strike. Because Ms. Wallace did not respond to Defendant's motion to strike, the Court considers her lack of response an admission that the motion has merit. LR 7(b)(2).

ORDER - 2

Turning to the substance of the evidentiary issues, Ms. Wallace has not presented admissible evidence. In ruling on a summary judgment motion, the Court may only consider admissible evidence. <u>Orr v. Bank of America</u>, 285 F.3d 764, 773 (9th Cir. 2002) (excluding deposition extracts because inadmissable due to inadequate authentication and hearsay); <u>Canada v. Blain's Helicopters, Inc.</u>, 831 F.2d 920, 925 (9th Cir. 1989) (excluding unauthenticated documents). Authentication is a "condition precedent to admissibility," which is satisfied by evidence sufficient to support the claim. <u>Orr</u>, 285 F.3d at 773. A document may be authenticated by a witness with knowledge of the document or by any other manner permitted by Fed. R. Evid. 901(b) or 902.

The Court strikes the documents in Ms. Wallace's response because they were not properly authenticated. None of the seven documents contained in Ms. Wallace's response are attached to a declaration and none of the documents are self-authenticating. Exhibits 1 through 7 are not signed or appended to a declaration attesting to their source of accuracy. In addition, Exhibit 7, an initial order from the Washington Employment Security Department, is inadmissable under Wash. Rev. Code (RCW) 50.32.097, which states that any finding made by the commissioner is not admissible as evidence in a separate action outside of Title 50 RCW.

Moreover, Ms. Wallace's prior statements and letters – Exhibits 1, 5, and 6 – are inadmissible hearsay because they are out of court statements offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801. As such, all the exhibits submitted in support of Ms. Wallace's response are stricken.

**II.  Even taking Plaintiff's evidence into consideration, Plaintiff has not made out a viable claim of discrimination**

   **A.  Summary judgment standard**

Summary judgment is granted when the evidence, taken in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1062 (9th Cir. 2002). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 159 (1970). However, once the moving

ORDER - 3

party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

### B. Plaintiff has not made out a viable Title VII employment discrimination claim

Under Title VII, an employer may not discriminate on the basis of race, color, religion, sex, or national origin. McDonnell Douglas v. Green, 411 U.S. 792, 800 (1973). In ruling on a Title VII discrimination claim on summary judgment, the Court looks to whether the injured party has established a prima facie case. Vasquez v. County of Los Angeles, 349 F.3d 634, 640 (9th Cir. 2003). To establish a prima facie case of discrimination under Title VII, a plaintiff must offer evidence that "gives rise to an inference of unlawful discrimination either through the framework set forth in McDonnell Douglas Corp. v. Green or with direct or circumstantial evidence of discriminatory intent." Vasquez, 349 F.3d at 640 (internal quotation marks omitted). If the plaintiff succeeds in establishing a prima facie case, then the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for the discriminatory conduct. Once the defendant provides a reason, the burden shifts back to the plaintiff to show that the reason is a pretext for discrimination. Id.

### 1. Plaintiff fails to establish a prima facie case under McDonnell Douglas

Under McDonnell Douglas, the Court presumes that the employer's action was motivated by discrimination if the plaintiff shows: (1) membership in a protected class; (2) performance in accordance with the employer's legitimate expectations; (3) adverse employment action; and (4) more favorable treatment to other employees with similar qualifications. Vasquez, 349 F.3d at 640 n.5. Even though the plaintiff must prove each element of the McDonnell Douglas test, the requisite degree of proof required to establish a prima facie case is "minimal and does not even need to rise to the level of a preponderance of evidence." Villiarimo, 281 F.3d at 1062 (quoting Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994)).

ORDER - 4

It is undisputed that Ms. Wallace belongs to a protected class and suffered from an adverse employment action. Ms. Wallace is black, female, was pregnant during the latter part of her employment, and was terminated. (Complaint at 1-2). However, Ms. Wallace was not performing in accordance with Defendant's legitimate expectations before she was terminated. Ms. Wallace committed three cash policy violations during her tenure at Wendy's. Ms. Wallace's first cash policy violation is not described in detail in the record, but is referenced numerous times. Ms. Wallace received a verbal warning for this cash policy violation. Ms. Wallace committed her second cash policy violation on April 26, 2003, when she opened the safe without a witness. Upon opening the safe, she discovered $400 missing. Because there was no one to witness the opening of the safe, there was no way to verify if the money was missing the night before or whether Ms. Wallace stole the money. As a result of this incident, Ms. Wallace received a "final written warning" because of her previous cash policy violation and her higher responsibility as training store manager. (Defendant's Exh. 8 at 1-2).

Although Ms. Wallace claims that there was no written cash policy requiring a witness to be present, Exhibit 7 provided by the Defendant clearly states that "the amount of the pull must be witnessed" and "the amount of the drop must be witnessed." (Exh. 7 at 27). Ms. Wallace's argument that the money would still have been missing whether or not she opened the safe is irrelevant because her act of opening of the safe without a witness was a violation of cash policy procedures in and of itself and hindered any investigation.

Ms. Wallace's third violation occurred in Spring 2004 when she inappropriately used "Sparkle" funds, as described above. Although Ms. Wallace claims that her failure to obtain proper receipts was an isolated case of poor judgment, this claim is unsupported by the record. Her two previous cash violations directly contradict this claim.

Ms. Wallace also fails to prove that other employees were treated more favorably. Even considering the exhibits attached to Ms. Wallace's response, they do not present accurate comparators. "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." Vasquez, 349 F.3d at 641; see also Josephs v. Pac. Bell, 443 F.3d 1050, 1065 (9th Cir.

ORDER - 5

2006) (employees were similarly situated because they all were service technicians, failed to reveal prior criminal convictions on the employment applications, were terminated, and participated in the grievance process). Ms. Wallace attempts to compare her situation to a white female manager who was not terminated even though she committed a cash policy violation. (Plaintiff's Exh. 5 at 1). However, this is not a good comparison. Ms. Wallace does not provide evidence that this manager had committed two previous cash policy violations or had falsified receipts.

Accordingly, Ms. Wallace has not made out a prima facie case under McDonnell Douglas.

### 2. Plaintiff does not provide direct or circumstantial evidence of discrimination

A plaintiff may also establish a prima facie case by offering direct or circumstantial evidence of discrimination. Vasquez, 349 F.3d at 640. Direct evidence is "evidence which, if believed, proves the fact of discriminatory animus without inference or presumption." Id. at 640 (citing Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221 (9th Cir. 1998)). Even thought the plaintiff needs to only provide minimal evidence to establish a prima facie case, this evidence must show a discriminatory motive on behalf of the employer. Lowe v. Monrovia, 775 F.2d 998, 1009 (9th Cir. 1985). This evidence may include defendant's treatment of the plaintiff during her employment or defendant's general practice and policy towards minority employment. Id.

Because Ms. Wallace has not provided any admissible evidence, she is unable to show through direct or circumstantial evidence that Defendant acted in a discriminatory manner. Even considering her evidence, it does not show any discriminatory animus on the part of decision makers. Ms. Wallace claims that the Director of Area Operations, Gary Marstall, made a discriminatory remark when he said: "do I need to teach you how to run your store? Never mind, I'll wait till you come back from Maternity Leave since you won't remember what I tell you any way." (Plaintiff's Exh. 5 at 2). However, even taking this in the light most favorable to Ms. Wallace, this comment does not suggest discriminatory animus. This comment does not in any way direct attention to Mrs. Wallace's race or her pregnancy. In addition, Ms. Wallace points to a racist comment made by a manager to a fellow employee. Ms. Wallace claims that this employee had complained of the manager's use of a

ORDER - 6

derogatory name and the manager's mistreatment of the crew. (Plaintiff's Exh.1 at 1). However, this does not prove discriminatory animus against Ms. Wallace.

Finally, the Court notes the fact that the individuals who terminated Ms. Wallace were the same individuals who had rapidly promoted her. (Motion at 13). This weighs against any implication of discriminatory animus. See Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270-71 (9th Cir. 1996). As such, Ms. Wallace fails to establish a prima facie case through direct or circumstantial evidence.

### 3. Plaintiff is unable to put forward evidence that shows Defendant's reason for her termination was a pretext

Even if Plaintiff could establish a prima facie case of discrimination, summary judgment in favor of the Defendant would be granted. Although Ms. Wallace suggests that establishing a prima facie case may be enough to survive a summary judgment motion, the Ninth Circuit has repeatedly held that a plaintiff must do more than establish a prima facie case by providing "specific, substantial evidence" that the employer's stated reason for the adverse employment action served as a pretext for a discriminatory reason. Wallis, 26 F.3d at 890 (citing Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir. 1983) (noting that a plaintiff "must tender a genuine issue of material fact as to pretext in order to avoid summary judgment"). A plaintiff must present a genuine issue of material fact whether the defendant's stated reason for the employment action was a pretext and may not rely solely on her subjective belief that the challenged action was unnecessary or unwarranted. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 n.6 (9th Cir. 2006).

Even considering Ms. Wallace's exhibits, Ms. Wallace does not offer any probative evidence that Defendant's proffered reason for her termination served as a pretext. Given that Ms. Wallace has not presented a genuine issue of material fact regarding pretext, summary judgment in favor of Defendant is proper.

### Conclusion

Ms. Wallace has failed to establish a prima facie case of discrimination either under the McDonnell Douglas framework or through direct or circumstantial evidence. None of the exhibits

ORDER - 7

Ms. Wallace offers as evidence are admissible due to inadequate authentication and hearsay, and, even if considered, they do not raise any genuine issues about Wendy's reason for terminating Ms. Wallace.  The Court therefore GRANTS Defendant's motion to strike and motion for summary judgment and DISMISSES the case with prejudice.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated this 27th day of November, 2006.

Marsha J. Pechman
United States District Judge

ORDER - 8